The STATE of Delaware

v.

Leonard K. BAYLIS.

Superior Court of Delaware, New Castle.

April 19, 1972.

James A. Erisman, Deputy Atty. Gen., Wilmington, for State of Delaware.

Paul P. Welsh, of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendant.

STIFTEL, President Judge.

Count 1 of the indictment against Leonard K. Baylis charges the crime of Burglary in the Fourth Degree and states:

"Leonard K. Baylis on or about the 7th day of July, 1971, in the County of New Castle, State of Delaware, did then and there feloniously, knowingly and unlawfully break and enter the premises of David Hendry, T/A Dave's Deli, located at 4533 Hendry Avenue, Wilmington, Delaware, with intent to commit larceny therein."

Count II charges a conspiracy with Charles W. Elmore to commit burglary in the fourth degree and recites the same language as above as to premises.

Defendant claims the indictment, which charges entry on premises and conspiracy to enter premises does not charge any offense under 11 Del.C. § 395 or 11 Del.C. § 105.

Section 395 states, in pertinent part:

"Whoever . . . (1) with intent to commit a crime therein . . . breaks and enters a building, or a room, or any part of a building; . . ." is guilty of burglary in the fourth degree.

The statute does not use the word "premises" but uses the word "building". Defendant claims that premises has a broader definition than building. It is true that premises may include more than a building, that it may be merely a tract of land, or a house or building with grounds belonging to it. A tract of land or grounds belonging to a house may not be the subject of burglary. In certain circumstances, they might be. However, the subject indictment does more than charge defendant with entering the premises. It charges him with "breaking and entering" the premises of an individual trading as Dave's Deli, located at 4533 Hendry Avenue, Wilmington, Delaware.

Although it would have been desirable for the State to have used the word "building", the language of the statute, nevertheless, it is clear from a reading of this indictment that defendant is charged with· *breaking* and entering a building known as Dave's Deli at the address named. The definition of "break", in § 391, does not include open, unenclosed land.

Defendant's motion to dismiss the indictment denied.

It is so ordered.